In re Carter Clemen TARPLEY, Ind. & fmly. d/b/a Carter Tarpley Home-builders, and Ind. and presently d/b/a a partner in the partnership of Tarpley, Moss & Cooper, Bankrupt.

Richard F. LaROCHE, Jr., Gloria E. LaRoche, T. Larry Edmondson, Trustee, Plaintiffs,

v.

Carter Clemen TARPLEY, and Ed C. Loughry, Trustee for Murfreesboro Bank & Trust Co., Defendants.

Bankruptcy No. 79–30227.

United States Bankruptcy Court, M. D. Tennessee.

April 23, 1980.

**146**

Julie N. Jones, Bass, Berry & Sims, Nashville, Tenn., Matt B. Murfree, III, Murfreesboro, Tenn., for Ed C. Loughry.

Ken Burger, Murfreesboro, Tenn., for plaintiffs.

T. Larry Edmondson, Nashville, Tenn., trustee in bankruptcy.

Royce Taylor, Murfreesboro, Tenn., for bankrupt.

## ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the court upon motion of the Defendant Loughry as Trustee for Murfreesboro Bank and Trust to dismiss the above styled litigation. The following shall constitute findings of fact and conclusions of law pursuant to F.R.B.P. 752.

Carter Clemen Tarpley filed bankruptcy on February 16, 1979. On his schedule he listed a transfer to Murfreesboro Bank and Trust (hereinafter Bank) "in June of 1978 to cover unsecured notes in the amount of $45,500.00." The transfer was the conveyance of a deed of trust to the residence of the bankrupt, a house and lot in Lascassas, Tennessee. He also listed a suit filed in Chancery Court by Norman and Kathleen Dietrich against him and the Bank "to set aside transfer for security."

On April 18, 1979, an abandonment application was filed by the trustee, listing the property in question. On April 23, 1979, the Dietrichs filed suit in this court requesting that their debt be excepted from discharge and again questioning the deed of trust given to the Bank. A copy of this action was sent to the trustee. On May 18, 1979, a complaint was filed in this court by Richard and Gloria LaRoche against the bankrupt and the Bank requesting that their debt be excepted from discharge and challenging the transfer to the Bank. A second abandonment application was filed by the trustee on May 31, 1979.

On January 4, 1980, an agreed order was signed by the parties and approved by the court finding the debt of the bankrupt to the LaRoches to be nondischargeable. Thereafter the Bank filed a motion to dismiss the complaint filed by the LaRoches and the trustee (who had been allowed to intervene) for failure to state a claim upon which relief may be granted and for lack of jurisdiction.

The issues presented are whether the abandonment of property by the bankruptcy trustee may be revoked and if not, whether the bankruptcy court may retain jurisdiction to decide the issue of fraudulent conveyance of property abandoned by the trustee.

■ The cases are clear in delineating the duty of the trustee in abandoning property. He is given a reasonable time in which to evaluate property and reach a decision to retain or abandon property found not to benefit the estate. *See* 4A COLLIER ON BANKRUPTCY ¶ 70.42 (14th ed.) Knowingly made, such an abandonment is irrevocable. The trustee is "absolutely precluded from reclaiming" abandoned property. *In re Polumbo*, 271 F.Supp. 640, 643 (W.D.Va.1967).

The exception to the rule of irrevocability of abandonment is found where property is concealed or where the trustee lacks "knowledge, or sufficient means of knowledge, of its existence." *Dushane v. Beall*, 161 U.S. 513, 516, 16 S.Ct. 637, 639, 40 L.Ed. 791 (1896). Where the trustee has knowledge that is "certainly sufficient to put him upon diligent inquiry as to the transaction", the abandonment is held to have been knowingly made and hence irrevocable. *Webb v. Raliegh Hardware Co. (In re Webb)*, 54 F.2d 1065, 1067 (4th Cir. 1932).

■ Once abandoned, title to such property revests in the bankrupt as of the date of commencement of the bankruptcy proceedings. *Sessions v. Romadka*, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609 (1892). Liens encumbering the property are not affected in any way by the abandonment and the debtor holds title in the same way as prior to the filing of the bankruptcy. *Webb v. Raliegh Hardware Co., supra; In re Malcom*, 48 F.Supp. 675 (E.D.Ill.1943). As stated most clearly in *Polumbo* :

Since abandonment has no effect upon the validity of the liens encumbering the property (Collier ¶ 70.42[4] n. 19a), the practical effect of the election is to remove the asset entirely from the jurisdiction of the bankruptcy court. It is simply a declaration by the trustee that the bankrupt estate wants nothing further to do with the property and that the lienors are free to proceed against it just as they normally would under applicable state law. *In re Polumbo*, 271 F.Supp. 640 at 643.

Thus, the bankruptcy court has no jurisdiction over abandoned property in the hands of the bankrupt. The court cannot exercise jurisdiction over disputes which involve neither the trustee nor property in actual or constructive possession of the bankruptcy court. *In re Whitney*, 5 CBC 494 (W.D.Wisc.1975).

In the instant case the trustee was fully aware of the conveyance to the Bank. The debtor listed on his schedule not only the transfer but also the challenge filed in state court by the Dietrichs. The trustee received a copy of the papers attacking the transfer filed in this court. Surely the facts are "sufficient to put him upon diligent inquiry as to the transaction." An abandonment made under these circumstances is not open to challenge and must be held irrevocable.

The abandonment having been held irrevocable, this court no longer has jurisdiction over the property. The filing of the bankruptcy petition in no way affects the rights that any of the parties has under state law and they may pursue them in that forum. Accordingly, the court finds that the motion to dismiss must be GRANTED.

The attorney for the plaintiffs is requested to file with this court copies of any further pleadings in the state court cause and any judgments obtained in those proceedings.

It is the order of the court that these proceedings be open until the state court proceedings are terminated in order that creditors in this case may review the result of the state court litigation.

It is so ordered.