39 B.R. 902 (1984)
In the Matter of John W. ALT, Jr., Debtor.
William J. RAMEKER, Trustee, Plaintiff,
v.
BERNING GARAGE, INC., Defendant.
Adv. No. 83-0246-7.
United States Bankruptcy Court, W.D. Wisconsin.
May 25, 1984.
Carl H. Creedy, Easton & Harms, S.C., Madison, Wis., for defendant.
Linda D. Taplick, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for plaintiff.

*903 MEMORANDUM DECISION
ROBERT D. MARTIN, Bankruptcy Judge.
Debtor, John W. Alt, Jr., filed bankruptcy under chapter 7 on August 2, 1982. Ronald Paskin was appointed trustee. Defendant, Berning Garage, Inc., ("the Garage") was listed on debtor's schedule A-3 as having a possible claim arising from the purchase and return of a car. On August 30, 1982, Mr. Paskin filed a "no-asset report" and the estate was closed on December 29, 1982.
Mr. Paskin later petitioned the court to reopen the estate to administer other assets. The case was reopened on June 27, 1983. William Rameker was appointed trustee in the reopened case. On October 4, 1983, Mr. Rameker commenced an adversary proceeding to recover a preference from the defendant garage. The Garage answered that 11 U.S.C. § 546(a) barred the action and asked that the court dismiss the trustee's complaint.
The facts alleged in the adversary proceeding are sketchy. The debtor bought a 1982 Dodge from the Garage on June 9, 1982 for $10,451.50, and the car was returned to the Garage which resold it on July 21, 1982 for $9,400.00. What happened between those dates is disputed. The Garage contends that the debtor borrowed money from his father to buy the car, and granted his father a first priority security interest in the vehicle. When the debtor later realized that he could not pay for the car, he surrendered it to his father who traded it to the Garage on a new car. Trustee Rameker alleges that the Garage lent the debtor part of the purchase price of the car without perfecting a security interest therein and took back the car in satisfaction of the debt. Under either version, the transactions would have been within the ninety-day preference period.
At issue is the application of 11 U.S.C. § 546(a) to a case which was closed after the trustee filed a no-asset report. Section 546(a) sets out a statute of limitations on the trustee's avoiding powers:
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of
(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and
(2) the time the case is closed or dismissed.
Once the case is reopened, this provision has at least four possible interpretations: 1) The trustee has two years from his or her appointment to bring an action under any circumstance; 2) the trustee may never bring an action once the case has been closed; 3) the trustee has two years from the date on which a trustee was first appointed in to bring the action but only under appropriate circumstances; and 4) the two-year period is tolled when the case is closed, i.e. the period only runs when there is a trustee empowered to act. The first alternative ignores the wording of the statute and does nothing to encourage efficient, attentive administration. The second alternative takes the words of the statute at their simplest meaning. But that simple reading may inhibit full and proper administration, gratuitously benefit a creditor which has received a preference at the direct expense of remaining creditors, and do so without significantly advancing any policy except minimal certainty. The third and fourth alternatives balance the needs for certainty and for efficient administration.
This case was closed after the original trustee filed a report of no assets. A no-asset report is tantamount to an abandonment of the trustee's interest in the property.[1] It seems reasonable, therefore *904 to look for guidance to the safeguards that are necessary for revocation of an order of abandonment. Ordinarily, abandonment is final and absolute. However, the U.S. Court of Appeals for the Seventh Circuit in In Re Lintz West Side Lumber, Inc., 655 F.2d 786, 8 B.C.D. 231 (7th Cir.1981), has carved out an exception to this absolute rule. In Lintz, the trustee abandoned debtor's accounts receivables because he thought that a creditor had a perfected security interest in them. Subsequently, the trustee noticed that the financing statement was not correct. It listed the names John and Mayella Lintz rather than Lintz West Side Lumber. Three months after the order of abandonment was issued, the trustee persuaded the court to revoke the order. The reviewing court found two factors to be controlling. The abandonment must have been an inadvertent error and the parties must not have been unduly prejudiced.
Applying that analysis to the present case it must first be determined that the abandonment by the filing of a no-asset report was a mistake. If the trustee correctly abandoned the property originally, revocation of the order would result in an unfair distribution of the estate. In Lintz, the trustee missed the defective security interest. In the present case, the trustee overlooked a possible preference action. Though possibly due to carelessness (in both instances the information was available to the trustee before the abandonment), the abandonment was mistaken.
The second requirement for revocation of abandonment is that revocation may not unduly prejudice the parties. Without stating any guidelines for defining "undue prejudice," the court in Lintz found that the creditor had not been unduly prejudiced. The defendant has not made any allegation or suggestion of undue prejudice in his reliance upon the no-asset report. Thus, the reopening of this case is not only similar to a revocation of abandonment, but can be sustained on the same principles. It would make no sense to permit such a revocation of abandonment but to deny the fruits of that revocation by adopting a narrow construction of § 546(a) to preclude recovery of the subsequently discovered preference. Thus under either of the two latter alternative constructions of § 546(a) suggested above, the trustee would be permitted to pursue his contention. If the running of the two-year period was tolled during the time the case was closed, it has not yet run. If the trustee has two years in toto, irrespective of the closing of the case, then the propriety of allowing his action to proceed must be shown.
In this case the certainty afforded creditors by strict rules must be balanced with the benefits of full and proper administration. Trustees ought not be forever denied the opportunity to collect preferences in a reopened case, but they will not automatically be allowed to do so. Where there is a showing that the basis for revocation of an abandonment is made, the trustee should be allowed at least the remainder of the original two-year period to pursue the abandoned asset. In this case the trustee in the reopened case acted in a timely fashion and the motion to dismiss his action to recover the alleged preference must be and hereby is denied.
NOTES
[1] The no-asset report filed by Mr. Paskin stated

To Robert D. Martin, Bankruptcy Judge: Ronald B. Paskin, of 353 West Mifflin Street, Madison, WI 53703, trustee of the estate of the above-named debtor(s), reports that he/she has neither received nor paid any money on account of this estate; that he/she has made diligent inquiry regarding all property belonging to the estate; and that there are no assets in the estate which: (1) are not either inconsequential in value or burdensome to the estate, or (2) would be reasonable to administer and have value over and above the exemptions claimed by the debtor(s) and to which the undersigned makes no objection.
Wherefore, he/she prays that this report be approved, and that he/she be discharged from office.