**In re William Allen BRYSON, Sr., Mallie Lynette Bryson, Debtors.**

**Bankruptcy No. 380–03262.**

United States Bankruptcy Court,
M.D. Tennessee.

Jan. 16, 1985.

T. Larry Edmondson, Nashville, Tenn., for debtors.

Maureen H. Smith, Nashville, Tenn., trustee.

M. Edward Owens, Jr., Nashville, Tenn., for trustee.

George C. Eblen, Shelbyville, Tenn., for Murfreesboro Production Credit Ass'n.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a motion filed by Murfreesboro Production Credit Association (hereinafter referred to as "creditor") to reopen this closed bankruptcy case in order to allow the creditor to proceed against a security interest in $40,-776.42 received by the debtor in settlement of a Cannon County, Tennessee lawsuit. The Chapter 7 trustee has opposed the creditor's motion to reopen arguing that she knowingly abandoned the estate's interest in the Cannon County lawsuit and that her abandonment is irrevocable. Upon consideration of evidence presented at the hearing, affidavits, briefs of the parties and the entire record, this court concludes that the creditor's motion to reopen this case should be DENIED.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On October 28, 1980, the debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. The debtors' case was converted to a case under Chapter 7 of the Bankruptcy Code on December 27, 1982. The debtors' Chapter 7 petition listed the creditor as a secured creditor with a claim of $150,000 and listed as an asset a "lawsuit settlement" of an undetermined amount. At the first meeting of creditors, the trustee questioned the debtors about their interest in the Cannon County lawsuit and determined that the Cannon County lawsuit was the lawsuit listed on the debtors' bankruptcy schedule. On June 15, 1983, the trustee filed a no asset report. The report stated that "notice is hereby given that unless a party in interest objects to this report and requests a hearing within 15 days after it is filed, the report will be deemed accepted, any property listed in the debtors' schedules of asset will be deemed abandoned,...." No objection was made

to the trustee's no asset report and the case was closed on January 20, 1984.

In this proceeding, the creditor has asserted that the case should be reopened to administer $40,776.42 of funds received by the debtor in settlement of the Cannon County lawsuit. On the one hand, the creditor argues that the trustee negligently abandoned the estate's interest in the Cannon County lawsuit since the lawsuit settled for over $40,000. However, on the other hand, the creditor argues that it is entitled to the full amount of the settlement received by the debtors. The trustee has countered that she properly abandoned her interest in the Cannon County lawsuit, that such abandonment is irrevocable and that the case should not be reopened.

■ Under 11 U.S.C. § 554 (West 1979) a trustee is entitled to abandon any property of the estate that is "... burdensome to the estate or that is of inconsequential value to the estate." Once a trustee has notified parties of its intention to abandon property, the property is deemed abandoned unless a party in interest files an objection within 15 days of the mailing of the notice. 11 U.S.C. § 554(a) (West 1979); FED.R.BANKR.P. 6007. *See First Mississippi Bank of Commerce v. Adkins*, 28 B.R. 554 (Bankr.N.D.Miss.1983). When a trustee knowingly and properly abandons property of the estate, the abandonment is deemed to be irrevocable, "... [r]egardless of any subsequent discovery that the property had greater value than previously believed." 4 COLLIER ON BANKRUPTCY, § 554.02, p. 554–8 (15th ed. 1984). *See In re Sutton*, 10 B.R. 737 (Bankr.E.D.Va. 1981); *LaRoche v. Tarpley*, 4 B.R. 145 (Bankr.M.D.Tenn.1980).

■ Two principal exceptions have developed to the above-referenced rule of irrevocability of abandonment. *Sutton* at 740. Property is not deemed abandoned where "the property is unscheduled by the debtor," thus preventing the trustee from having "knowledge or sufficient means of knowledge of its existence." *Sutton* at 740 (quoting *LaRoche v. Tarpley*, 4 B.R.

145, 146 (Bankr.M.D.Tenn.1980)). *See also In re Medley,* 29 B.R. 84, 86–87 (Bankr.M.D.Tenn.1983). Also, property is not deemed irrevocably abandoned if the property "was actually concealed from him (the trustee) or where his knowledge of the existence of the property was one of mere suspicion, which engendered only a cursory investigation." *Sutton* at 740.

■ The trustee, in this case, was aware of a pending lawsuit in Cannon County. After examining the debtors concerning the lawsuit, the trustee determined that the lawsuit as well as the other assets of the debtors were of no value to the estate. The trustee filed a no asset notice notifying parties that all property would be abandoned absent an objection. Since no objections were filed, the trustee properly abandoned her interest in all the assets of the debtors' estate including the Cannon County lawsuit.

■ Under these facts, the court is convinced that the trustee properly abandoned her interest in the proceeds of the Cannon County lawsuit and that this abandonment is irrevocable. Since there are no assets of this estate to be administered, the court refuses to exercise its authority to reopen the case pursuant to 11 U,S.C. § 350(b) (West 1979).[1]

Accordingly, the court ORDERS, ADJUDGES and DECREES that the creditor's motion to reopen the case is hereby DENIED.

IT IS THEREFORE SO ORDERED.

---

**1.** 11 U.S.C. § 350(b) (West 1979) provides in relevant part:

A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.