In the Matter of Yolanda
HUNTER, Debtor.

The HUNTINGTON NATIONAL
BANK, Movant,

v.

Yolanda G. HUNTER,
Respondent/Debtor.

Bankruptcy No. 3–86–01769.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 24, 1987.

Herbert Ernst, Jr., Dayton, Ohio, trustee in bankruptcy.

Lawrence T. Burick, Dayton, Ohio, for Huntington Nat. Bank.

Randall L. Stump, Dayton, Ohio, for debtor.

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), in which the Chapter 7 trustee has filed a motion (Doc. 14) requesting the court to reopen the case and set aside his abandonment.

For the reasons set forth herein, the court DENIES the relief requested in the trustee's Motion.

The trustee must have believed the case was closed by an order entered in the case since part of the relief he requested was to have the case reopened. The debtor has paid the required filing fee and received her discharge; however, as a result of the trustee's Motion, the clerk's office did not complete the ministerial act of entering an order closing the case. In so far as the trustee's motion requests a reopening of this case, since an order closing this case has not been entered, his motion is DENIED. In so far as the trustee's motion attempts to "reopen" his final report, which closed his participation in this case, his motion is also DENIED. The balance of this decision is directed to the issues connected with the trustee's request to set aside his abandonment.

On July 10, 1986, Yolanda Hunter, hereinafter the debtor, filed a Chapter 7 petition and on July 25, 1986 filed her Statement of Affairs and Schedules which listed a 1982 Ford Mustang automobile. On July 31, 1986, a Proof of Claim was filed by Huntington National Bank, hereinafter HNB. This proof of claim contained as attachments a copy of a loan agreement dated June 5, 1986 involving the automobile and a copy of the Ohio Certificate of Title noting HNB's lien dated June 24, 1986.

On August 14, 1986, the trustee presided at the Meeting Of Creditors pursuant to 11 U.S.C. § 341 and on August 15, 1986, filed his Notice Of Abandonment Of Burdensome Property and Report Of No Assets (Doc. 8).

On September 19, 1986, HNB filed a motion requesting relief from the stay (11 U.S.C. § 362). This motion was set for hearing on October 16, 1986, at which time HNB presented an order signed by the debtor agreeing to relief from the stay. The trustee did not file any responsive pleading nor appear at the hearing in connection with HNB's motion for relief from the stay.

In response to a request from HNB, the trustee signed a separate Notice Of Abandonment of the automobile. Although the trustee filed his own abandonment and final report and thereafter signed this separate specific abandonment, the trustee subsequently determined that there was a potentially avoidable preference pursuant to 11 U.S.C. § 547 in connection with HNB's security interest in the debtor's automobile.

The issue for determination is whether the circumstances of this case present adequate cause for a trustee to set aside his abandonment in order to administer this potential asset.

The general rule in this area is well settled—once a trustee abandons property, the abandonment is irrevocable. *e.g. In re Bryson*, 53 B.R. 3, 4 (Bankr.M.D.Tenn. 1985); *Wallace v. Enriquez (Matter of Enriquez)*, 22 B.R. 934, 935 (Bankr.D.Neb. 1982). *See also* 4 *Collier on Bankruptcy*, § 554.02, p.p. 554–6 through 554–8 (15th Ed.1984).

The exceptions to this rule appear in cases where a potential asset is concealed from the trustee or information concerning the potential asset has not been properly disclosed so that the trustee can make an informed decision concerning an abandonment. *e.g. Murray Mitchell Building Supply Co., Inc. v. Burch Co., Inc. (In re Burch Co., Inc.)*, 37 B.R. 273, 273 (Bankr. D.S.Car.1983); *In re Bryson* at 4. In cases where the property has been scheduled by the debtor and information concerning the asset has been properly disclosed to the trustee, if the property has been abandoned in accordance with the applicable provisions of the Bankruptcy Code and Rules, the title to the property revests back to the debtor as if it had never been held by the trustee. *In re Tarpley* 4 B.R. 145, 146, (Bankr.M.D. Tenn.) Thus, the trustee is divested of control of the property because the property is no longer part of the bankruptcy estate. *Matter of Enriquez* at 935.

The role of the Chapter 7 Trustee is integral to the administration of a Chapter 7 case. The trustee is given broad authority to obtain and liquidate property of the estate. The trustee's powers include, *inter alia*, 11 U.S.C. § 363 (use, sale or lease of

property), 11 U.S.C. § 365 (acceptance of executory contracts and unexpired leases), 11 U.S.C. § 542 and § 543 (turnover), 11 U.S.C. § 544 (avoidance of transfers), § 545 (avoidance of statutory liens), § 547 (recovery of preferences) § 548 (avoidance of fraudulent transfers), § 549 (avoidance of post petition transfers and § 721 (operation of the business of the debtor). The trustee is likewise given broad authority to dispose of property of the estate which the trustee believes is not beneficial to the estate. The trustee's powers include, *inter alia,* 11 U.S.C. § 365 (rejection of executory contracts and unexpired leases), 11 U.S.C. § 554 (abandonment) and § 725 (disposition of certain property).

Consistent with such broad authority, the trustee is also given significant responsibilities in the administration of a Chapter 7 case (11 U.S.C. § 704). While the trustee is required to act expeditiously in the administration of the case (11 U.S.C. § 704 (1), Bankr.R. 2015), there is no requirement that a trustee file a report, within one day following the meeting of creditors, that there are no assets in the case and all properly scheduled property is abandoned.

While the Bankruptcy Code and Rules (11 U.S.C. § 554(b), Bankr.R. 6007) require the trustee to act promptly to prevent another party from obtaining an order requiring the trustee to abandon property, there is no such time constraint on the trustee in connection with the trustee's own determination that property is burdensome or of inconsequential value in the case (§ 554(a) and (c)).

This court recognizes that an experienced and sophisticated trustee could properly review the information in a debtor's petition, examine any local real estate or personal property records, review any filed proofs of claim, contact counsel for the debtor, the debtor, any creditor or other interested party for additional information, examine the debtor at the Meeting of Creditors, make a final determination concerning property of the estate and file a final report captioned, "Trustee's Notice Of Abandonment Of Burdensome Property And Report Of No Assets" on the day of the Meeting of Creditors or shortly thereafter. If a trustee does not believe she or he can properly make such a final determination by the date of the Meeting of Creditors or shortly thereafter, there is no requirement that the trustee file such a report in such a brief time period. When a trustee does file a final report, it is this court's opinion that the trustee's filing is to be recognized as a determination upon which the court and parties in a case may rely. It would result in unnecessarily burdening the prompt administration of a case, be contrary to the concept of finality in legal proceedings and be beyond the recognized exceptions to the general rule that a trustee's abandonment is irrevocable, for a court or other interested parties to refrain from relying on trustees' filed reports because trustees may subsequently second guess themselves.

The decisions in *Matter of Lintz West Side Lumber, Inc.,* 655 F.2d 786 (7th Cir. 1981) and *Rameker v. Berning Garage, Inc. (Matter of Alt)* 39 B.R. 902 (Bankr.W.D.Wisc.1984), while representing a minority view to which this court does not subscribe, demonstrate the extent to which a Bankruptcy Court will exercise its discretion in setting aside an abandonment in appropriate circumstances. This court does not find the circumstances of this case to be appropriate to set aside the trustee's abandonment.

In this case the trustee had a full opportunity to discover the potential preferential transfer between HNB and the debtor. The claimed security interest between HNB and the debtor was disclosed in both the Schedule of Assets, filed July 25, and the Proof Of Claim, filed July 30. The claimed security interest was fully presented and nothing was concealed from the trustee. The automobile appeared in the debtor's schedules (A–2 and B–2) and in the separately filed Statement Of The Debtor's Intention With Respect To Surrender Or Retention Of Certain Property. The creditor filed with the court and presented to the trustee all documents relevant to the claimed security interest.

While the trustee raises various arguments concerning the notice required by Bankr.R. 6007, which is arguable applicable to abandonments pursuant to § 554(a) and (b), these arguments are not persuasive when the trustee attempts to utilize them to set aside actions in which he was a knowledgeable and voluntary participant.

The abandonment procedures outlined in the Bankruptcy Code and Rules are neither designed to force uninformed accelerated decisions by a trustee nor permit unreasonable dilatory decisions by a trustee. The initial burden in connection with a proposed abandonment in a Chapter 7 case rests with the movant to persuade the trustee that the property in issue meets the requirements for abandonment. This typically includes satisfactory proof of a movant's claim, evidence of the present value of the property, notice, etc. If the trustee is not persuaded, or, if the trustee actively opposes the abandonment, the matter is determined by the court.

A different situation, however, is presented if it is the trustee's own determination that certain property scheduled under § 521(1) should not be administered and the trustee files a final report closing her or his participation in the case. That is the situation presented in this case. The abandonment of the property contained in the Trustee's Report is effective under 554(c) which provides;

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

The trustee's arguments concerning exculpatory language in his final report is not persuasive. The last paragraph of the trustee's abandonment and final report (Doc. 8), states: "[T]rustee asks that this report be approved as the final report ... and that he be discharged of his trust herein, unless a further report is filed within thirty days ..." The abandonment was filed August 15, 1986; thus, even under the terms of the trustee's own report, he had until approximately September 15, 1986 in which to review his actions and submit an additional report, or take some other action. No such action was taken, nor was any other report filed. To the extent that such language would allow the trustee to set aside his abandonment and report without a motion and order of the court, the trustee is required to abide by the conditions he has set for himself and, accordingly, he is estopped from setting aside this abandonment.

The trustee further argues that his abandonment can be revoked since his report would allow further action by the trustee if he finds that "[F]urther legal proceedings are deemed necessary...." [1] This argument cannot be accepted since it is contrary to the weight of authority concerning abandonments, destroys any concept of finality to a legal proceeding, and defeats the reasonable reliance interested parties are entitled to expect from reports filed by a trustee in bankruptcy.

The court determines there has been an effective abandonment of all scheduled property, including the debtor's automobile, and, as a result, ownership of the automobile revested in the debtor subject to the rights and interests of other parties under applicable non bankruptcy law.

Accordingly, the court DENIES the Trustee's motion to set aside his abandonment. There are no other pending matters appearing in the record of this case. Accordingly, the clerk is authorized to close this case.

SO ORDERED.

---

1. The court notes that the language relied upon in these arguments of the trustee—"[U]nless a further report is filed within thirty days ... further legal proceedings are deemed necessary...."—is no longer present in the final report forms filed by trustees in this court.