**In re Phillip Larry BOGERT, Ethel Ernestine Bogert, Debtors.**

**Bankruptcy No. 88–10763–ALB.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Sept. 1, 1989.

Eugene C. Black, Sr., Albany, Ga., for debtors.

Fife M. Whiteside, Columbus, Ga., for trustee.

Charles A. Gower, Columbus, Ga., Trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

The matter before this court is a Motion by the Trustee for Authorization to Withdraw a No–Asset Report. The motion was heard by this court on June 26, 1989. At the conclusion of the hearing, the court invited both parties to submit briefs on the issue of whether this court should allow the Trustee to withdraw his no-asset report, in order to proceed against the Debtors or their transferees for the proceeds of the retirement plan. This court, having considered the arguments and briefs of counsel, now renders this Memorandum Opinion.

The Debtors filed their Chapter 7 bankruptcy petition on December 9, 1988. In their B–3 and B–4 Schedules, the Debtors listed an estimated $25,000.00 pension from the co-Debtor Phillip Larry Bogert's former employer, Giles Builders Supply, Inc. (hereinafter "Giles") as property to be received and exempted, and claimed as an exemption in the pension and also proceeds in the Giles pension plan. The statement in the Debtors' B–3 Schedule contained the following language:

"Debtor is to receive an estimated pension from his former employer, Giles Builders Supply, Inc. in the approximate amount of $25,000.00."

At the § 341(a) meeting, the co-Debtor failed to disclose the fact that he no longer had an interest in the Giles pension plan, but in reality had $5,000.00 in cash and a series of cashiers checks made payable to him. The actual disbursement to the co-Debtor for the Giles pension proceeds was on December 1, 1988, eight days before the filing of his Chapter 7 plan. After the § 341(a) meeting, the Trustee filed a no-asset report through which he abandoned all scheduled property. The Trustee later learned of the fact that the co-Debtor had cashed in his pension plan prior to the filing of the Chapter 7 bankruptcy case.

The Debtors contend that the Trustee may not withdraw his no-asset report and

cites to this court *Matter of Hunter*, 76 B.R. 117 (Bankr.S.D.Ohio 1987) and *In re Bryson*, 53 B.R. 3 (Bankr.M.D.Tenn.1985) as authority for their contention that, absent fraud, the Trustee's abandonment is irrevocable. The co-Debtor contends that the language on his Schedule B–4 indicated an intent to exempt the pension plan or proceeds of the pension plan whichever is greater. The co-Debtor contends that the Trustee overlooked the language whereby he was seeking to claim the pension plan or proceeds as exempt.

The Trustee contends that the pension plan proceeds were property of the estate and not exempted and, therefore would be reachable by the Trustee absent an irrevocable abandonment by the Trustee. This court has held that an interest in a profit sharing plan, which is qualified under ERISA and not reachable by creditors under Georgia law, is the equivalent of a spendthrift trust and therefore is not property of the estate. *In re Griggs*, 101 B.R. 393 (Bankr.M.D.Ga.1989). *See also Craddock v. Anderson*, No. C86–18151, (N.D.Ga. Dec. 31, 1986). The instant case is distinguishable from *Griggs* and *Craddock* as the Debtors here have cash or cash equivalent. *O.C.G.A. § 44–13–100(a)(2.1)*[1] is the exemption statute which makes exemptable only undisturbed pension plan entitlements.

As to the contention that the Trustee's no-asset report is irrevocable once filed, the Trustee cites to the court the case of *In re Teltronics*, 39 B.R. 446 (Bankr.E.D.N.Y. 1984), *aff'd*, 762 F.2d 185 (2d Cir.1985) as authority that a general abandonment by the trustee is not binding on the trustee absent a court order. The Trustee does acknowledge that this court's ruling in *In re Motley*, 10 B.R. 141 (Bankr.M.D.Ga. 1981) authorizes the Trustee to abandon the property of the estate with no prior court approval. That decision is consistent with 11 U.S.C.A. § 554(a), but procedurally was based on a local rule that is no longer in effect.

This court sees no reason to resolve the apparent conflict since the court feels the instant case should fall within the exception to the general rule that a trustee's abandonment is irrevocable. The *Hunter* court noted that "[t]he exceptions to this general rule appear in cases where a potential asset is concealed from the trustee or information concerning the potential asset has not been properly disclosed so that the trustee can make an informed decision concerning an abandonment." *Hunter*, 76 B.R. at 118 (Citing *Murray Mitchell Building Supply Co., Inc. v. Burch Co., Inc., (In re Burch Co., Inc.)*, 37 B.R. 273 (Bankr. D.S.C.1983); *In re Bryson* at 4).

Applying the *Hunter* reasoning above, the Trustee was not able to make an informed decision regarding the pension plan proceeds due to the wording throughout the Debtors' schedules. The exact wording in the Debtors' schedule that the Debtor is to receive a pension in estimated amount of $25,000.00 appears in Debtors' Schedule B–3 as well as in Debtors' Summary of Debts and Property. This court feels that the co-Debtor was less than candid about the status of his pension plan proceeds. Accordingly, this court grants the Trustee's motion to withdraw the no-asset report.

---

1. O.C.G.A. § 44–13–100(a)(2.1) (Supp.1988).