In re H. Russell PACE, d/b/a
Seward's Folly, Debtor.

Kenneth W. BATTLEY,
Trustee, Plaintiff,

v.

H. Russell PACE, John E. Havelock and
John R. Strachan, Defendants.

Adv. No. 3–86–00572–001–DMD.

United States Bankruptcy Court,
D. Alaska.

Oct. 16, 1991.

William D. Artus, Artus, Choquette &
Williams, Anchorage, Alaska, for plaintiff.

Thomas J. Yerbich, Anchorage, Alaska,
for defendants.

## MEMORANDUM DECISION

DONALD MacDONALD IV, Bankruptcy
Judge.

This is an action by a bankruptcy trustee
against a chapter 7 debtor and his attor-
neys to recover the proceeds of a malprac-
tice settlement. I find for the trustee.

The case was tried and submitted on
September 23, 1991. I have supplemented
the record by taking judicial notice of the
New Pines Corp. bankruptcy file, Case No.
3–86–00137–HAR, in accordance with Rule
201 of the Federal Rules of Evidence.

*Factual Background*

H. Russell Pace (Pace) and his former
wife Jeri LeMai (LeMai) employed Boyko &
Davis as their attorneys in May of 1984.
The purpose of the employment was to

assist in the sale of their interest in the Pines nightclub to a corporation known as "the New Pines Corp" (the New Pines). Included in the sale were two liquor licenses having a combined value of $360,000.00. These licenses were to be used as collateral for a note issued Pace in conjunction with the sale. Boyko & Davis failed to include the licenses in their UCC filings with the State of Alaska.

The New Pines did very poorly. In approximately eighteen months of operation, the New Pines failed to pay over $500,000.00 in taxes. In addition to the outstanding tax claims, the New Pines incurred unsecured claims in excess of $850,000.00 prior to filing chapter 11 on March 19, 1986. On June 10, 1986 it moved for conversion to chapter 7 and conversion followed on June 13, 1986. After conversion, Bennie Leonard (Leonard) was appointed trustee. Bernd Guetschow (Guetschow) served as the trustee's attorney. Pace was represented in the reorganization proceedings by Moshe Calberg Zorea (Zorea).

Pace himself filed a chapter 7 petition on September 24, 1986. Zorea served as Pace's bankruptcy attorney. Leonard and Guetschow were also appointed as chapter 7 trustee and attorney for the trustee in Pace's personal bankruptcy.

Pace's bankruptcy schedules contained the following information in Schedule B-2(q) under the heading "Contingent and unliquidated claims of every nature, including counterclaims of the debtor. Give estimated value of each."

Note receivable from $1,165,836. New Pines Corporation, Wayne Bond and Fred McCorriston for sale of the Pines Club & Katmai Pines.

Pace did not schedule the two New Pines licenses in his schedule B-2 but listed the two Pines Club licenses along with other licenses as exempt property in his Schedule B-4.

After the filing of Pace's bankruptcy, Zorea attempted to obtain a return of the New Pines licenses from Guetschow. Guetschow refused and the licenses were sold by Leonard in May of 1987. Pace received none of the proceeds. Zorea referred Pace to Richard McVeigh, an Anchorage attorney, to investigate a possible malpractice claim. McVeigh reviewed the security documents and bankruptcy files. He entered into a contingency fee agreement with Pace in June of 1987. He filed a complaint for malpractice against Paul Davis, Boyko & Davis, Russell Nogg, and Henderson & Nogg in October of 1987. McVeigh did not obtain authority to pursue the action on behalf of the estate and was not employed as an attorney by Leonard. Pace's bankruptcy schedules were never amended to reflect this claim at any time. LeMai eventually joined in the complaint as a plaintiff with Pace.

Leonard and Guetschow later learned of the malpractice action. In an interim report filed October 30, 1987 in the Pace bankruptcy, Leonard mentioned "suit against attorney" with an unknown value as "an asset remaining to be liquidated." Despite such filing, Leonard closed the estate and filed a general motion for abandonment in February of 1989. Creditors received notice of the motion. The original abandonment order abandoned "property of the estate ... which has not heretofore been sold, abandoned or allowed as exempt ..." to Pace. The order was filed September 7, 1989 and signed by a deputy clerk of court. The case was then closed.

John Strachan and John Havelock were later retained by Pace and LeMai to represent them with respect to their pending suit against Davis and Nogg. Richard McVeigh became Anchorage city attorney and could no longer prosecute the case. In January of 1991, on the eve of the state court trial, Leonard moved to reopen the bankruptcy estate to administer an unscheduled asset: the malpractice action. The case was reopened. Kenneth W. Battley was appointed successor trustee and William D. Artus was appointed as the trustee's attorney. In February of 1991 the malpractice defendants agreed to pay $300,000.00 in full settlement of all claims against them. Pursuant to a stipulation between the trustee and Pace, those funds were retained in an interest bearing trust

account at Bateman, Eichler, Hill & Richards, Inc. pending a decision by this court.

In 1988, LeMai filed a chapter 7 bankruptcy in California. Harold Taxel, LeMai's bankruptcy trustee, has entered into an agreement with Battley whereby each estate agreed to assert a 50% claim upon the disputed settlement proceeds.

The original Pace abandonment order entered by a deputy clerk on September 7, 1989 had a clerical error. The term "scheduled" did not appear before the phrase "property of the estate". Pursuant to a Rule 60(a) memorandum and order filed June 18, 1991, the order was amended to provide that only "scheduled property of the estate" was abandoned.

*Analysis*

■ The filing of a chapter 7 petition creates an estate. Property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It also includes all "proceeds, product, offspring, rents or profits" from such property. 11 U.S.C. § 541(a)(6). As pointed out by *Collier:*

> The former provisos of the Act which imposed limitations on the rights of action to which the trustee took title have been eliminated under the Code. It is, therefore, intended that all interests of the debtor in rights of action be included as property of the estate under section 541(a)(1).

4 *Collier on Bankruptcy,* ¶ 541.10, page 541–66; Accord: *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705 (9th Cir.1986). All interests of the debtor are included. As an example, a debtor's claim for personal injuries is included as property of the estate whether the claim is unliquidated at the time of the filing of a bankruptcy petition or is settled thereafter. *Tignor v. Parkinson,* 729 F.2d 977, 981 (4th Cir.1984); *Medina–Figueroa v. Heylinger,* 63 B.R. 572, 574 (D. Puerto Rico 1986). Similarly here, the debtor's malpractice claim was property of the estate as of the date Pace filed chapter 7 even if the claim was not fully liquidated or settled on that date.

■ While conceding the malpractice action was property of the estate, Pace contends "the lawsuit was so inextricably intertwined with and part of another asset that abandonment of the asset to which the lawsuit was appended also constituted abandonment of the lawsuit." In other words, abandonment of the note and liquor licenses constituted abandonment of the malpractice claim. While I commend Pace's counsel for his inventive argument and deft turn of phrase, there is simply no authority for his proposition.

There is no statute permitting abandonment of assets found to be "inextricably intertwined". Nor is there any case authority, in this circuit or elsewhere, which has found unscheduled assets to be abandoned simply because they were related to another asset which was abandoned. Indeed, in the only case which appears to be remotely on point, *In re Peninsula Roofing & Sheet Metal, Inc.,* 9 B.R. 257 (Bankr. W.D.Mich.1981), the result was contrary to Pace's position. There the court found an abandonment of accounts receivable by a bankruptcy trustee was not an abandonment of accounts receivable proceeds held by an attorney on the date of abandonment.

Pace's argument is analogous to that raised by debtor's counsel in *In re Woodson,* 839 F.2d 610 (9th Cir.1988). Woodson's counsel maintained that listing an unmatured life insurance policy as exempt resulted in an exemption of over $1,000,-000.00 in proceeds. The Ninth Circuit found the unmatured policy was a different asset than the policy itself. It held:

> To state this argument is to refute it. Woodson's original schedule only claimed as exempt an unmatured life insurance policy; the California Code provision on which he relied applies only to such unmatured policies. Receipt of the $1 million changed the situation dramatically. The unmatured policy, clearly exempt ..., ceased to exist. The proceeds were not covered by [the same code provision]; instead, they raised a wholly different legal issue, whether they were swept into the estate by 11 U.S.C. § 541(a)(5)

because they were acquired within 180 days after filing of the petition. The two assets were different; the claims of exemption were different; the legal issues were different. Woodson's contrary argument is not merely unpersuasive, it is frivolous.

*Woodson*, 839 F.2d at 615 (footnotes omitted). Here the scheduled note and collateral interest in two liquor licenses were different assets than the malpractice claim; the claims of abandonment are different; the legal issues are different. Abandonment of a note and liquor licenses does not abandon a malpractice claim.

Moreover, if "inextricably intertwined" assets are to be abandoned with other assets noticed for abandonment, there must be notice of that fact to creditors. "There is no abandonment without notice to creditors." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d at 709. Here "inextricably intertwined" assets were never noticed for abandonment.

Finally, Pace maintains this case closely parallels *In re Bryson*, 53 B.R. 3 (Bankr. M.D.Tenn.1985). Bryson, a chapter 7 debtor, listed an asset entitled "lawsuit settlement" in his schedules. His chapter 7 trustee abandoned all scheduled property to Bryson after notice to creditors. Following abandonment, Bryson settled the case for $40,776.42. A creditor sought to reopen the bankruptcy and seize the settlement proceeds for the estate. The bankruptcy court found for Bryson. It recognized that property is not abandoned when it is not scheduled. It found, however, that the scheduled lawsuit was properly abandoned. As such, the abandonment was irreversible. Here, the lawsuit was never scheduled. Therefore, there was never any abandonment. *Bryson* does not aid Pace.

*Conclusion*

The malpractice claim was never abandoned. Under 11 U.S.C. § 554(d), it remained property of the estate. *In re Harris*, 32 B.R. 125 (Bankr.S.D.Florida 1983). As the Ninth Circuit has noted:

The debtor has the clear responsibility of scheduling those assets that arguably belong to the estate:.... It is then up to the creditors to decide whether to challenge the debtor's position and up to the court to resolve any such challenge. The debtor ... must be scrupulous in providing notice of all assets to which others may make a legitimate claim. While the debtor's view may ultimately prevail ... he may not pretermit the inquiry by failing to disclose the asset just because he himself is satisfied he may keep it.

*Woodson*, 839 F.2d at 616 (citation omitted). Pace failed to amend his schedules appropriately when he was fully aware of the malpractice action. While the trustee was aware of the suit, none of Pace's creditors received appropriate notice through amendment of the schedules or notice of the motion for abandonment. Pace is not entitled to the settlement proceeds.

Havelock and Strachan have counterclaimed for their attorney's fees in the malpractice action. The trustee maintains that Pace's attorneys are not entitled to attorney's fees and costs under *In re Alcala*, 918 F.2d 99 (9th Cir.1990). The Havelock–Strachan counterclaim is premature. Formal application under 11 U.S.C. § 330 is necessary. Therefore their counterclaim will be denied without prejudice at this time.

IT IS THEREFORE ORDERED:

1. Kenneth W. Battley, as trustee of the bankruptcy estate of H. Russell Pace, is entitled to the sum of $150,000.00 of the settlement proceeds held at Bateman, Eichler, Hill & Richards, Inc., in account no. AK79–2098–8284;

2. The counterclaims of defendants John E. Havelock and John R. Strachan are dismissed without prejudice; and

3. Each party shall bear their own costs and attorney's fees.

Judgment shall be entered and docketed accordingly.