**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ahmed HUSSEIN, Defendant–
Appellant.**

No. 98–6180.

United States Court of Appeals,
Second Circuit.

Argued May 3, 1999.

Decided May 28, 1999.

.Bruce Locke, Sacramento, CA (Bruce A. Burns, Burns Handler & Burns LLP, New York, NY, of counsel) for Appellant.

Glenn C. Colton, Assistant United States Attorney, Southern District of New York (Mary Jo White, United States Attorney, Gideon A. Schor, Assistant United States Attorney, of counsel) for Appellee.

Before:  CABRANES and SACK, Circuit Judges, and SHADUR,* District Judge.

JOSÉ A. CABRANES, Circuit Judge:

Ahmed Hussein appeals from a July 21, 1998 consent judgment entered by the United States District Court for the Southern District of New York (John F. Keenan, *Judge* ) ordering him to pay the government $675,183.88 in outstanding liabilities for tax years 1983 and 1984.[1]  Hussein's principal contention on appeal is that the district court improperly invoked collateral estoppel, the law of the case doctrine, and principles of equity and fairness to preclude him from challenging the timeliness of the instant action as it pertains to his liability for tax year 1983.  On other grounds described in detail below, Hussein also contends that the instant action is untimely as it pertains to his 1984 taxes.

---

* The Honorable Milton I. Shadur, of the United States District Court for the Northern District of Illinois, sitting by designation.

1.  The consent judgment preserved Hussein's right to bring this limited appeal.

For the reasons that follow, we vacate the judgment in part (as to Hussein's 1983 taxes), affirm the judgment in part (as to Hussein's 1984 taxes), and remand the cause for proceedings consistent with this opinion.

## BACKGROUND[2]

The government filed the instant action on September 27, 1996. Hussein contends that the limitations period for collecting his 1983 taxes expired one day earlier, on September 26, 1996. In this appeal, the government does not challenge Hussein's calculation of the limitations period. Instead, it contends—and the district court agreed—that the district court had ruled in prior litigation between the parties that the limitations period would run until September 27, 1996 and that Hussein is barred from relitigating the expiration date in the action before us now. Because of its significance to the issues presented in this appeal, we set forth the procedural history of the litigation between the parties in some detail.

Hussein's 1983 taxes were assessed on May 28, 1984. On May 6, 1985, he submitted to the Internal Revenue Service ("I.R.S.") an "Offer in Compromise" to settle his outstanding liabilities for those taxes. The I.R.S. received Hussein's offer the following day and eventually rejected it on September 4, 1986. Hussein asserts—and the government does not dispute—that, pursuant to the terms set forth on the mandatory I.R.S. form embodying the Offer in Compromise, the limitations period for the collection of Hussein's 1983 taxes was tolled for a period of two years, three months, and twenty-nine days, *i.e.*, the pendency of Hussein's offer, plus one year.

In January 1994, in an attempt to collect his still-unpaid 1983 taxes, the government levied Hussein's checking and individual retirement accounts. Hussein responded by filing an action before Judge Keenan to enjoin the government's collection efforts; soon thereafter, Hussein sought a preliminary injunction, on the ground that the statute of limitations had expired with respect to the collection of the 1983 taxes.[3] The government, in turn, filed a motion to dismiss Hussein's lawsuit in its entirety.

The district court denied Hussein's request for a preliminary injunction in a Memorandum Opinion and Order dated February 10, 1994. The court first explained that, at the time the I.R.S. assessed Hussein's 1983 taxes, a six-year limitations period applied to the government's collection efforts. It then observed that a new law took effect on November 5, 1990 that (1) extended the relevant limitations period to ten years and (2) applied the new rule to any taxes for which the collection period had not expired as of the law's effective date. *See* 26 U.S.C. § 6502(a); Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508 § 11317(c), 104 Stat. 1388 (1990). Turning to the specifics of Hussein's case, the court noted that, absent any tolling, the limitations period for the collection of his 1983 taxes would have expired on May 28, 1990. However, the court determined that the tolling caused by Hussein's filing of the Offer in Compromise extended the expiration of the limitations period beyond November 5, 1990, thereby triggering the new, ten-year rule.

Applying the ten-year rule to Hussein's 1983 taxes, the court concluded that "the government is entitled to collect from [Hussein] until September 27, 1996," a date that included the tolling period caused by Hussein's Offer in Compromise. The court derived that specific expiration date from an affidavit that Hussein had

---

2. For the sake of simplicity, this background section deals primarily with Hussein's 1983 taxes. We set forth the facts necessary to understand Hussein's claims regarding his 1984 taxes separately, *infra*.

3. Hussein conceded in the 1994 action that the limitations period governing the collection of his 1984 taxes had not yet expired.

submitted in support of his motion for a preliminary injunction. In the affidavit, Hussein had stated that "the offer in compromise effectively extended the statute [of limitations] by two years, three months and twenty-nine days, so that it expired on September 27, 1992." Hussein's affidavit assumed that a six-year limitations period applied. Accordingly, to arrive at an expiration date based on a ten-year limitations period, the court simply added four years to the date calculated by Hussein.

After setting forth its conclusion as to the expiration date for the limitations period governing the collection of Hussein's 1983 taxes, the district court explained that it was Hussein's contention that his Offer in Compromise was an agreement to "extend the limitations period to a date certain," without regard for any limitations period imposed by law. In other words, as it was characterized by the district court, Hussein's argument was that he and the I.R.S. had contracted for a fixed expiration date of September 27, 1992, and that, accordingly, the new ten-year limitations rule was inapplicable. The court rejected this argument, however, finding that Hussein and the I.R.S. had no such agreement. Having disposed of Hussein's only argument, the court concluded that the government's levies were timely and, accordingly, denied Hussein's motion for a preliminary injunction. Before the court ruled on the government's cross-motion to dismiss, the parties agreed to a stipulated dismissal of Hussein's lawsuit, without prejudice, and returned to the administrative process.

On September 27, 1996, the government filed the instant action, pursuant to 26 U.S.C. § 7403,[4] to reduce to judgment assessments of Hussein's liabilities for tax years 1983 and 1984. In response, Hussein filed a motion to dismiss arguing, *inter alia*, that the action was untimely. Specifically, Hussein maintained that the

limitations period for collecting the 1983 taxes expired on September 26, 1996, one day before the instant action was filed. The district court denied Hussein's motion, holding that it had determined in the 1994 litigation that the expiration date of the limitations period for collecting the 1983 taxes was September 27, 1996 and that, accordingly, collateral estoppel, the law of the case doctrine, and principles of equity and fairness precluded Hussein from challenging the timeliness of the instant action on the basis of a different expiration date.

Following the district court's ruling, the parties entered into a consent judgment that ordered Hussein to pay $675,183.88 in outstanding liabilities for tax years 1983 and 1984, but preserved Hussein's right to appeal the court's ruling on the statute of limitations issue. This timely appeal followed.

## ANALYSIS

### A. Tax Year 1983

On appeal, Hussein reasserts his argument that the government's action was untimely as to the collection of his 1983 taxes and contends that the district court improperly precluded him from litigating that issue below. The government does not challenge Hussein's calculation of the limitations period as having expired on September 26, 1996. Instead, it adopts the district court's conclusions that (1) the identical limitations issue was litigated in the 1994 action, (2) the court found in that action that the limitations period would expire on September 27, 1996, the day the instant lawsuit was filed, and (3) collateral estoppel, the law of the case doctrine, and principles of equity and fairness bar Hussein from relitigating the expiration date. Moreover, in addition to adopting the district court's reasoning, the government argues that we should affirm on the basis of judicial estoppel, a ground not relied on by

---

4. This statute provides, in pertinent part, that "[i]n any case where there has been a refusal or neglect to pay any tax ... the Attorney General or his delegate ... may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States ... with respect to such tax or liability."

the district court. For the reasons that follow, we conclude that none of the grounds asserted by the government bars Hussein from challenging the timeliness of the instant action as it pertains to his 1983 taxes.

■ Collateral estoppel, or issue preclusion, applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *In re PCH Assocs.*, 949 F.2d 585, 593 (2d Cir. 1991).

■ Collateral estoppel is inapplicable here for the fundamental reason that the district court's earlier finding that the limitations period would expire on September 27, 1996 was not necessary to the denial of Hussein's motion for a preliminary injunction in the 1994 action; in other words, the court's finding was *dictum*.[5] As it was presented to the district court, the merits of Hussein's request for a preliminary injunction in the 1994 action turned simply on Hussein's argument that the Offer in Compromise called for the limitations period to expire on a date certain, September 27, 1992, without regard for the new, ten-year rule. There was no dispute that the tolling caused by the Offer in Compromise meant that the limitations period had not expired as of November 5, 1990, the effective date of the law that mandated the ten-year rule. Nor was there any dispute that, if a ten-year limitations period applied, then the government's January 1994

levies were timely. Accordingly, once the district court rejected Hussein's contention that the ten-year rule was inapplicable, it was unnecessary for the court to conclusively determine the exact date on which the limitations period would expire.

The rationale for the principle that preclusive effect will be given only to those findings that are necessary to a prior judgment is that "a collateral issue, although it may be the subject of a finding, is less likely to receive close judicial attention and the parties may well have only limited incentive to litigate the issue fully since it is not determinative." *Commercial Assocs. v. Tilcon Gammino, Inc.*, 998 F.2d 1092, 1097 (1st Cir.1993) (emphasis suppressed). It is clear that this rationale is applicable to the case before us. Because of the particular argument asserted by Hussein in the 1994 litigation, there was no need for the court or the parties to focus on the precise expiration date of the limitations period. Presumably, once the district court rejected Hussein's contract-based argument, no one involved in the proceedings gave any attention to whether the limitations period ran until September 26, as opposed to September 27, 1996. Under these circumstances, collateral estoppel does not preclude Hussein from challenging the timeliness of the instant action.

■ The government's remaining contentions require little discussion. As noted above, the government asserts that the law of the case doctrine also precludes Hussein's challenge to the timeliness of the government's action. Under the particular

---

5. Our conclusion that the court's finding was not necessary to its denial of the preliminary injunction might also be thought to implicate certain of the other criteria for the application of collateral estoppel, particularly the questions of whether the issue in both proceedings is identical and whether Hussein had a fair opportunity to litigate the issue. However, in light of our conclusion that the "necessarily decided" element of collateral estoppel has not been met, we need not specifically address the other elements. Nor is there any

need for us to determine whether the district court's 1994 ruling had the requisite finality to permit the application of collateral estoppel. *See generally Metromedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir.1992) (noting that "the concept of finality for collateral estoppel purposes includes many dispositions which, though not final [for the purposes of appeal pursuant to 28 U.S.C. § 1291], have nevertheless been fully litigated") (internal quotation marks omitted).

formulation relevant to this appeal, the law of the case doctrine holds that "a legal decision made at one stage of litigation, *unchallenged in a subsequent appeal when the opportunity to do so existed,* becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *North River Ins. Co. v. Philadelphia Reinsurance Corp.,* 63 F.3d 160, 164 (2d Cir.1995) (internal quotation marks omitted) (emphasis added).[6] The government contends that Hussein waived his opportunity for appellate review of the district court's finding on the limitations issue by agreeing to a stipulated dismissal of the 1994 action and urges that Hussein is therefore bound by the court's finding that the limitations period expired on September 27, 1996.

■ Regardless of his agreement to a stipulated dismissal of the 1994 action, however, Hussein did not have a reasonable opportunity to obtain appellate review of the district court's finding regarding the expiration of the limitations period. For the reasons that we have already set forth, that finding was mere *dictum* and, as such, could not have been appealed by Hussein. Accordingly, the law of the case doctrine has no application here.

■ We are similarly unpersuaded by the government's invocation of the doctrine of judicial estoppel. A party invoking that doctrine "must show that (1) the party against whom judicial estoppel is being asserted advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner." *AXA Marine & Aviation Ins. (U.K.) Ltd. v. Seajet Indus. Inc.,* 84 F.3d 622, 628 (2d Cir.1996). The purposes of the doctrine are to "preserve the sanctity of the oath" and to "protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." *Simon v.*

*Safelite Glass Corp.,* 128 F.3d 68, 71 (2d Cir.1997) (internal quotation marks omitted). The government notes that the district court derived its finding as to the expiration of the limitations period from Hussein's own affidavit, which had stated that the *six-year* limitations period had expired on September 27, 1992. On that basis, the government contends that Hussein may not now claim that the ten-year limitations period expired on September 26, 1996.

Even assuming, for the argument, that Hussein's initial calculation of the expiration of the limitations period was a *factual* position, judicial estoppel is inapplicable under the circumstances presented here. We have previously observed that judicial estoppel does not apply "when the first statement was the result of a good faith mistake or an unintentional error." *Id.* at 73 (citations omitted). In our view, this exception to the general rule clearly governs the case before us. The miscalculation in Hussein's affidavit was undoubtedly the result of an unintentional error. Hussein had absolutely no incentive in the 1994 proceeding to persuade the court that the limitations period expired on September 27, as opposed to September 26, 1996. Accordingly, we will not invoke the doctrine of judicial estoppel to preclude Hussein from challenging the timeliness of the instant action.

■ Finally, we turn to the government's contention that principles of equity and fairness also preclude Hussein from challenging the timeliness of the instant action. Specifically, the government points out that Hussein has long been on notice of his tax liabilities and of the district court's finding that the limitations period expired on September 27, 1996, that the parties' consent judgment has eliminated any uncertainty as to the amount of taxes that Hussein owes, and that the gov-

---

**6.** The government correctly notes that we have previously held that, "[w]hile the doctrine is ordinarily applied in later stages of

the same lawsuit, it also has application to different lawsuits between the same parties." *PCH Assocs.,* 949 F.2d at 592.

ernment itself relied on the district court's finding.

The government has not brought to our attention any precedent in which, under circumstances remotely analogous to those presented here, a court has set aside a limitations period on the basis of principles of equity and fairness, and we are unwilling to set such a precedent here. Moreover, even if we were inclined to consider such principles as a basis for setting aside the limitations period, the government's case is hardly compelling. The government obviously had the means to perform its own calculation of the limitations period, and we question the wisdom of its asserted reliance on the district court's finding—one that was based on the taxpayer's calculation and made by the court in *dictum.*

## B.  Tax Year 1984

As noted at the outset, Hussein also challenges the timeliness of this action as it pertains to the collection of his 1984 taxes. Conceding, as he must, that a ten-year limitations period applies to the collection of those taxes, Hussein maintains that the limitations period expired on June 24, 1995, ten years after the taxes were assessed. The district court rejected Hussein's contention, concluding that his May 6, 1985 Offer in Compromise tolled the limitations period for the collection of his 1984 taxes and that the government's lawsuit was therefore timely as to those taxes. Although the district court did not specify an expiration date for the applicable limitations period, Hussein conceded at oral argument before this Court that if the district court's holding regarding tolling was correct, then this action was timely as to the 1984 taxes.

■  Hussein argues at the threshold that no tolling was possible because his Offer in Compromise did not include his 1984 taxes. But Hussein concedes that he did not present this argument to the district court. Nor does he dispute the government's contention that he in fact ar-

gued to the district court the contrary position—that is, that his offer *did* include the 1984 taxes. Under these circumstances, Hussein is precluded from arguing on appeal that the offer did not include the 1984 taxes.

■  In any event, Hussein maintains that any tolling caused by his Offer in Compromise applied only to the six-year limitations period in effect at the time the offer was submitted, not to the ten-year limitations period that took effect in November 1990. On this theory, Hussein contends that the limitations period for the collection of his 1984 taxes expired on June 24, 1995, well before the instant action was filed. As support for his argument, Hussein asserts only that 26 U.S.C. § 6502(a), which sets forth the applicable limitations period, does not specifically provide for "the tacking on of a suspension period agreed to under the former six-year statutory period, to further extend the new ten-year period."

We are unpersuaded by Hussein's contention that the ten-year limitations period now governing the collection of his 1984 taxes was not tolled by his submission of an Offer in Compromise. The I.R.S. form that Hussein submitted in connection with that offer unequivocally provided that Hussein agreed to the "suspension of any statutory periods of limitations for assessment and collection of the tax liability" that was the subject of the offer. Thus, Hussein's agreement with the I.R.S. placed no restriction on the limitations period to which the tolling would apply. And Hussein has not identified any statutory provision that would preclude us from giving effect to the explicit terms of that agreement.

Accordingly, in light of Hussein's concession that our resolution of the tolling issue is dispositive, we conclude that the instant action is timely as to the collection of Hussein's 1984 taxes.

## CONCLUSION

Based on the foregoing analysis, we vacate the judgment in part (as to tax year 1983), affirm it in part (as to tax year 1984), and remand the cause for proceedings consistent with this opinion.

No costs.