UNITED STATES UNDERWRITERS
INSURANCE COMPANY,
Plaintiff–Appellee,

v.

AFFORDABLE HOUSING FOUNDA-
TION, INC. and Mountain Developers
Associates, LLC, Defendants–Appel-
lants,

Jose Raimundo Madeira, Defendant.

Docket No. 03–7470.

United States Court of Appeals,
Second Circuit.

Feb. 12, 2004.

Joshua L. Mallin (Dennis T. D'Antonio and Angela C. de Cespedes, of counsel), Weg & Myers, P.C., New York, NY, for Appellants.

Steven Verveniotis (Jason B. Gurdus, of counsel), Miranda & Sokoloff, Mineola, NY, for Appellee.

PRESENT: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Affordable Housing Foundation and Mountain Developers Associates appeal from the judgement of the United States District Court for the Southern District of New York (McMahon, J.), granting summary judgment in favor of plaintiff-appellee U.S. Underwriters Insurance Company. The district court interpreted the insurance policy issued to appellants by U.S. Underwriters as unambiguously not covering injuries to employees of appellants' contractors if they were injured while acting within the scope of their employment. Because defendants-appellants are being sued in a separate action by an employee of one of their contractors for bodily injury he suffered in the course of his employment, U.S. Underwriters was prompted to bring this suit seeking a declaratory judgment that the policy does not include such coverage.

An endorsement letter modifying the policy, numbered L–500, specifically exempts from coverage " 'bodily injury' to . . . any 'employee' of any contractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor or 'employee' of such contractor." Appellants, however, argue that ambiguity as to such coverage is created by a separate endorsement letter, numbered L–257, which generally sets out the consequences to an insured of not obtaining proof that its contractors carry their own insurance.

For substantially the reasons discussed by the district court, and after conducting our own close reading of the policy, we conclude that—despite the L–257 endorsement letter—the policy remains "unambiguous with respect to the question disputed by the parties." *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir.2002). Examining the policy as a whole, we find that the policy, irrespec-

tive of whether the conditions of the L–257 letter are met, unambiguously excludes bodily injuries to the employees of contractors from coverage. We, therefore, need not address the factual dispute between the parties as to whether the proof of insurance provided by appellants satisfies the L–257 endorsement letter's conditions. Nor do we need to reach whether the district court's interpretation of the L–257 endorsement letter's conditions and the consequences of failing to meet them was correct as a matter of law. It is sufficient that we find that the policy unambiguously does not cover contractors' employees for bodily injury.

The judgment of the district court is AFFIRMED.