**Jose MADEIRA, Plaintiff,**

v.

**UNITED TALMUDICAL ACADEMY OF KIRYAS JOEL, Defendant.**

**No. 04 CIV.1084(CM).**

United States District Court, S.D. New York.

Dec. 14, 2004.

Bianka Perez–Vega, Ginarte, O'Dwyer et al., New York, NY, for Plaintiff.

Michael L. Braunstein, Milber, Makris, Plousadis & Seiden, LLP, White Plains, NY, for Defendant.

## DECISION AND ORDER DISMISSING THE COMPLAINT

MCMAHON, District Judge.

Jose Madeira was injured in a fall from a roof while working on an apartment construction project in Kiryas Joel, New York. In a lawsuit brought against two defendants, Mountain Developers and Affordable Housing, one of the defendants, Mountain Developers, conceded that it was the owner of the premises, and both sides stipulated to that fact in the pre-trial order. *Madeira v. Affordable Housing Foundation, Ind. and Mountain Developers Associates, Inc.,* 01 Civ. 8779(CM)("*Madeira I*"). The jury brought in a verdict indicating that Mountain Developers was liable to plaintiff for injuries suffered in the fall pursuant to New York's "scaffold law," Labor Law § 240. That law subjects "owners and contractors" to liability. Since Mountain Developers was not the contractor (that, by stipulation, was Affordable Housing), its liability was necessarily predicated on its stipulated ownership.

Shortly before trial, plaintiff's counsel learned that United Talmudic Academy ("UTA") had granted an easement over the site where the accident occurred to Orange and Rockland Utilities ("O & R") some four months after the accident. Plaintiff made a motion to amend the complaint and add UTA as a party plaintiff in the lawsuit against Mountain Developers and Affordable Housing on December 17, 2003. At that point, *Madeira I* was set for trial and the parties had filed their pre-trial order. The motion was denied.

Plaintiff filed a separate action against UTA on February 10, 2004. On March 2, 2004—just days before the *Madeira I* trial was to commence, and almost immediately after the United States Court of Appeals affirmed this Court's ruling that Affordable Housing's insurance policy did not cover this incident [1]—plaintiff asked that the trial be postponed until discovery could be completed in this action, after which the two cases could be consolidated. I denied this motion as well. Jury selection for the trial was set to begin on March 15, 2004, and plaintiff had offered no explanation for why the easement could not have been discovered much earlier.

A stipulation regarding the ownership of the subject property had been entered into in the Pre–Trial Order, which was signed by the parties on April 22, 2003. The stipulation stated, inter pertinent part, "The site was owned by Mountain Developers Associates." The stipulation was so-ordered at a final pre-trial conference held on March 18, 2004—after the motion to stay the trial was denied.

Although by the date of the final pre trial conference plaintiff had discovered UTA's purported grant of an easement to O & R and knew the Court would not delay the trial of *Madeira I*, he did not withdraw his agreement to the stipulation that Mountain Developers was the owner of the property. Nor did he seek to re-word the stipulation to, for example, assert the possibility of joint ownership by Mountain Developers and UTA. So the court signed the pre-trial order and the trial went forward on the basis that Mountain Developers owned the property—period. Indeed, at the trial there was confusion about whether the parties had mistakenly stipulated that Affordable owned the property and that Mountain was the developer (they had). At no time while we were straightening out that problem did plaintiff's counsel suggest that any change should be made to reflect the UTA theory of ownership.

Now United Talmudical Academy has moved to dismiss the complaint brought against it (really, for summary judgment [2]), on the grounds of judicial or collateral estoppel, and also on the ground that the undisputed evidence demonstrates that it sold the building to Mountain Developers in 2001.

The motion for summary judgment is granted and the complaint is dismissed.

**Judicial Estoppel**

The doctrine of judicial estoppel precludes a party who assumed a certain factual position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed. *All Terrain Properties, Inc. v. Hoy*, 265 A.D.2d 87, 93, 705 N.Y.S.2d 350 (1st Dept.2000). What is necessary to apply a judicial estoppel is that (1) the party against whom estoppel is sought has pursued an inconsistent factual position in an earlier proceeding, and (2) this prior inconsistent position was somehow adopted by the first court. *In re WorldCom, Inc. Securities Litigation*, 308 F.Supp.2d 236 (S.D.N.Y.2004), *see also*, *United States v. Hussein*, 178 F.3d 125, 130 (2d Cir.1999).

Usually, the concern in judicial estoppel cases is preventing a party from playing

---

**1.** *United States Underwriters Ins. Co. v. Affordable Housing Foundation, Inc. and Mountain Developers Associates, LLC*, No. 03–7470, 88 Fed.Appx. 441, 2004 WL 287151 (2d Cir. Feb.12, 2004).

**2.** Although the motion is denominated a motion to dismiss, the parties submitted Rule 56.1 statements. A discovery schedule has not yet been established.

fast and loose with the court. That concern is properly invoked in this instance. It is true, as plaintiff alleges, that this court was aware that, after this Court ruled against plaintiff in the related coverage litigation, plaintiff sought to add UTA as a party defendant, on a theory that it might have owned the property. But that does not dispose of the "fast and loose" issue. Even after discovering that UTA had executed an easement in favor of O & R many months after it purportedly conveyed the premises to Mountain Developers, plaintiff did not change its stipulated position in the earlier lawsuit that, "The site was owned by Mountain Developers Associates."

If one played semantic games with the stipulated fact, one might argue that it was not necessarily inconsistent with plaintiff's current position. The stipulated fact does not state that Mountain Developers is "the sole owner" of the property, or even that Mountain Developers is "the owner" of the site. *See Jedrejcic v. Croatian Olympic Committee,* 190 F.R.D. 60, 66 n. 6 (E.D.N.Y.1999)(finding judicial estoppel inapplicable where the factual position is not necessarily inconsistent with the assertion in a prior proceeding).

However, I need look no further than plaintiff's response to the instant motion to determine that the factual position plaintiff's counsel presented to the jury in the *Madeira I* trial was that Mountain Developers was "the" owner of the site at the time of the incident.

Plaintiff's counsel entered into the stipulation in April 2003, a year before the trial and well before he had any information about the O & R easement. So at the time the stipulation was entered, it was plainly plaintiff's intention to argue to the jury that Mountain Developers Associates should be found liable to plaintiff under the "scaffold law" because it was "the owner" (not "an owner") of the property.[3] Plaintiff adhered to this position even after he acquired new information concerning the ownership issue. Counsel admits that he did so *as a matter of strategy.* With great candor, counsel states, "Plaintiff's counsel *chose* not to contest the narrow point of whether the stipulation should be changed from "the" to "a" so as not to prejudice his client's chances of proving liability in front of a lay jury." (Plaintiff's Memorandum at 4.)(Emphasis added)

Plaintiff and his counsel were of course free to make any strategic decision they wished, for any reason they thought appropriate. However, having made their choices, they are stuck with the consequences. Counsel obviously knew what to do in order to preserve his position *vis a vis* UTA—"contest the narrow point of whether the stipulation should be changed from 'the' to 'a'[sic]." If, after discovering the O & R easement, plaintiff's position was that UTA was the real owner of the property, he should have discontinued his claim against Mountain Developers in order to preserve his claim against UTA. If his position was that UTA and Mountain Developers both owned the property, he should have backed out of the stipulation

**3.** Plaintiff's counsel is correct that the jury was not asked to make a finding on this precise question. Rather, the jurors were told that Mountain was the owner. Defendant is of course correct that the jury's finding of liability on Mountain's part necessarily comprehended a finding of ownership, since only an owner or contractor can be found liable under Labor Law § 240 and there was no evidence that Mountain was a contractor. But the question of ownership was stipulated, not litigated. The jury was told that it had to assume the stipulated fact (ownership) to be true. Thus, if any estoppel applies, it is judicial estoppel.

and taken the position that "the site was owned by Mountain Developers and UTA," or that "Mountain Developers and perhaps someone else owned of the site." He did neither—he *chose* not to do either—but instead stood by the stipulation. He thus falls by it as well.

■ The purpose behind the doctrine of judicial estoppel is to "preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn statements." *Bates v. Long Island R.R. Co.*, 997 F.2d 1028 (2d Cir.1993)(holding that a plaintiff who had previously claimed that he was permanently disabled in a FELA action was judicially estopped from later claiming wrongful termination on the basis of his disabilities). By arguing one position regarding the ownership of the site to the jury in *Madeira I,* and now changing that position in this action, plaintiff is doing exactly what this doctrine was created to prevent.

Plaintiff's contention that changing his position would have risked juror confusion is insulting to the jurors. The court could have dealt with any confusion over the absence of an owner (or purported owner) from the lawsuit via appropriate jury instructions. Indeed, if plaintiff had timely sued both UTA and Mountain and one of them had settled, the jury would have been instructed not to worry about why that party was not before the court at trial. It happens all the time.

Plaintiff's argument that he would have risked incurring the ire of the Court in the presence of the jury if he had backed out of the stipulation is, with respect, absurd. It assumes that plaintiff had no opportunity, after learning about the O & R easement, to prevent the court from reading the fact stipulating to Mountain Developer's ownership to the jury. All plaintiff had to do, once I refused to allow him to add a party on the eve of trial, was an-

nounce to the Court that plaintiff no longer stipulated that Mountain Developers was the owner (or the only owner) of the subject property. He could have done that at any time prior to the reading of the stipulated facts. Indeed, plaintiff's counsel could have asked for a sidebar when the court began to read the stipulated facts, in order to place on the record his position that Mountain Developer's ownership was no longer stipulated. Or, when we were clearing up the confusion that arose because the stipulation as originally written listed Affordable as the owner, he could have taken a position consistent with the one he argues today. Instead, he remained silent and adhered throughout the first trial to the position that Mountain Developers was the owner of the site.

Had the position taken by plaintiff in the first instance been the result of a good faith or unintentional error, judicial estoppel would not apply. See *Hussein, supra*, 178 F.3d at 130 (citing *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 73 (2d Cir.1997)). However, it was not. By plaintiff's own admission, he intentionally forebore from introducing the issue of UTA's possible ownership into the *Madeira I* trial so that he would not "prejudice his client's chances of proving liability in front of a lay jury." (Plaintiff's Memorandum at 4.) By attempting to assert a contradictory factual premise now, plaintiff makes himself the "paradigmatic judicial estoppel plaintiff." See *Simon v. Safelite Glass Corp.*, 943 F.Supp. 261, 269 (E.D.N.Y.1996)("He has played fast and loose with the system, arguing 'whatever state of facts seems advantageous at a point in time, and a contradictory state whenever self interest may dictate a change.' ") (citation omitted), *aff'd Simon, supra.*

Defendants argue in the alternative that the undisputed evidence, in the form of a Bargain and Sale Deed dated January 20,

2001 (seven months before the accident in question), demonstrates that UTA sold the property to Mountain Developers on or about January 26, 2001. Plaintiff responds that UTA might have owned the property notwithstanding the deed, because it conveyed an easement over that property to O & R. Defendant counters that this "conveyance" was made in error, with UTA thinking that it was under the misimpression that the easement was for an adjacent piece of property, which it still owned.

This would normally present an issue for discovery and, quite possibly, trial. Certainly, I could not grant summary judgment on this ground at this time. I have only the self-serving affidavit of an officer of UTA. He has never been deposed (why, I don't know). And the record is silent as to O & R's position in this matter. If O & R has been acting in accordance with UTA's grant of an easement since it was granted at the end of 2001 (four months after the accident in question), and no correction has been made, we could have an issue of fact.

But plaintiff's action at the last trial estops him from now asserting that UTA owned the land at the time of the incident. Defendant's motion to dismiss the complaint is GRANTED.

This constitutes the decision and order of the Court. The Clerk is directed to close the file.