**Victoria GASKINS, Plaintiff,**

v.

**THOUSAND TRAILS, LP, et al., Defendants.**

**No. 1:06–CV–755.**

United States District Court, S.D. Ohio, Western Division.

Oct. 11, 2007.

Randolph Harry Freking, Becky Ganis, Kelly Mulloy Myers, Freking & Betz, Cincinnati, OH, for Plaintiff.

Glenn Virgil Whitaker, Scott A. Carroll, Andrew Michael Kaplan, Corey A. Donovan, Tara K. Burke, Vorys Sater Seymour & Pease, Cincinnati, OH, for Defendants.

## ORDER

SANDRA S. BECKWITH, Chief Judge.

This matter is before the Court on the motion to dismiss or for summary judgment filed by Defendants Thousand Trails, LP and National American Corporation, LP (Doc. No. 32). For the reasons that follow, Defendants' motion is **GRANTED IN PART AND DENIED IN PART.**

On November 3, 2006, Plaintiff Victoria Gaskins filed a complaint (Doc. No. 1) asserting various claims against Defendant Thousand Trails arising out of her employment as the recreational director at the Indian Lakes Campground in Batesville, Indiana. Specifically, the complaint alleged that Thousand Trails violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Ohio Rev.Code § 4111.03, with regard to calculation and payment of overtime wages. The complaint also alleged that Thousand Trails discriminated against Plaintiff on the basis of gender, and subjected her to a hostile work environment, in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Ohio Civil Rights Act, Ohio Rev.Code § 4112.01, et seq. The complaint alleged that Thousand Trails discriminated against Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Ohio Civil Rights Act. The complaint then alleged that Thousand Trails retaliated against Plaintiff for complaining about discrimination, in violation of Title VII and the Ohio Civil Rights Act. Finally, the complaint alleged that Thousand Trails violated Ohio public policy by discriminating against Plaintiff on the basis of age and gender, and by retaliating against her.

On May 24, 2007, Plaintiff filed a first amended complaint (Doc. No. 22) adding Defendant National American Corporation, LP as a party to the case.[1] The first amended complaint also added allegations to make this case a "collective action" under the FLSA on behalf of a class of at least 100 employees of the Defendants. Finally, the first amended complaint dropped the claim under Ohio Rev.Code § 4111.03 regarding the calculation and payment of overtime wages.

On July 20, 2007, Defendants filed the instant motion to dismiss or for summary judgment. Defendants move to dismiss and/or for summary judgment on the grounds of judicial estoppel. Defendants argue that judgment in their favor is appropriate because Plaintiff failed to disclose her employment-related claims on the schedule of assets filed with her bankruptcy petition.

In determining whether judicial estoppel bars Plaintiff's claims, the following facts

1. Throughout this order, the Court will collectively refer to the Defendants as "Thousand Trails."

are undisputed or may be accepted as true for purposes of the pending motion.

Plaintiff was employed by Thousand Trails from March 2002 to October 2005, when she was constructively discharged. First Amended Complaint ¶¶ 27, 55. For purposes of the FLSA, Plaintiff's position required Thousand Trails to pay her overtime for work performed beyond 40 hours per week. *Id.* ¶ 35. Plaintiff regularly worked more than 40 hours per week and often worked as many as 120 overtime hours per month. *Id.* ¶ 39. Thousand Trails, however, failed to pay Plaintiff overtime. *Id.*

Plaintiff was discriminated against on the basis of gender and age during her employment with Thousand Trails. She and another employer over the age of 50 were regularly treated less favorably than younger employees. *Id.* ¶ 42. Additionally, Plaintiff was regularly subjected to inappropriate remarks and treatment by her supervisor and the campground's business manager. *Id.* ¶ 44.

On July 11, 2005, Plaintiff contacted Thousand Trails' human resources director, David McCrum, to complain about harassing and discriminatory behavior. *Id.* ¶ 45. She also faxed him notes she had compiled on the discriminatory conduct. *Id.*

Despite his assurances that he would keep Plaintiff's complaint confidential, McCrum apparently informed her supervisor about the complaint because about a week later the supervisor demanded that Plaintiff give him her notes. *Id.* ¶ 46. Thereafter, the complaint alleges, the discrimination and harassing conduct escalated. *Id.* As indicated, Plaintiff alleges that she was constructively discharged from her position in October 2005. *Id.* ¶ 55.

On August 23, 2004, Plaintiff filed a petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Indiana. In her schedule of assets, Plaintiff did not list any of the claims in the first amended complaint as a contingent or unliquidated claim. The court closed Plaintiff's bankruptcy action on February 18, 2005.

Plaintiff filed an EEOC complaint on June 19, 2006 and received a right to sue letter on August 5, 2006. First Amended Complaint ¶ 16.

■■■ As stated, Thousand Trails argues that judicial estoppel bars Plaintiff's claims because she failed to disclose them on her bankruptcy schedule of assets. The doctrine of judicial estoppel applies where a party asserted a position that is contrary to one the party has asserted under oath in a prior proceeding and the prior court adopted the contrary position as a preliminary matter or as part of a final disposition. *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir.2002). A finding of statements of omission in a bankruptcy schedule of assets is sufficient for the trial court to apply judicial estoppel. *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 898 (6th Cir.2004). In *Browning*, the Court explained the necessary predicates for application of judicial estoppel as they pertain to nondisclosure of claims in bankruptcy:

> This court has stressed that the doctrine of judicial estoppel is utilized in order to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990). In *Reynolds*, the evil to be avoided is colorfully described as "the perversion of the judicial machinery," "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," and "hav[ing] [one's] cake and eat[ing] it

too." 861 F.2d at 472 (alteration in original). Although this court has not addressed whether bad faith or an attempt to mislead the court is a necessary prerequisite to the application of judicial estoppel, other courts have held that judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence. *See, e.g., United States v. Hussein,* 178 F.3d 125, 130 (2nd Cir.1999); *King v. Herbert J. Thomas Mem'l Hosp.,* 159 F.3d 192, 196–97 (4th Cir.1998); *Helfand v. Gerson,* 105 F.3d 530, 536 (9th Cir.1997). We consider this approach to be more consistent with the policy reasons behind the doctrine of judicial estoppel than the Third Circuit's approach in *Oneida.*

The Fifth Circuit, in *In re Coastal Plains, Inc.,* 179 F.3d 197 (5th Cir.1999), defined two circumstances under which a debtor's failure to disclose a cause of action in a bankruptcy proceeding might be deemed inadvertent. One is where the debtor lacks knowledge of the factual basis of the undisclosed claims, and the other is where the debtor has no motive for concealment. *Id.* at 210. Although this court is not bound by *Coastal Plains, Inc.,* these two requirements for a finding of an inadvertent omission seem reasonable and appropriate in light of the policies underlying the doctrine of judicial estoppel as expressed by this court in *Teledyne* and *Reynolds.* We therefore adopt them in our analysis of the present case.

*Id.* at 776.

■■■ The Court finds that application of judicial estoppel is appropriate to at least some of the Plaintiff's claims. It is undisputed that Plaintiff did not disclose her employment discrimination and FLSA causes of action in the bankruptcy schedule of assets. There is no basis to find that Plaintiff's omission was inadvertent. Contrary to Plaintiff's position, it is immaterial to the judicial estoppel analysis that her discrimination and FLSA claims perhaps had not fully ripened by the time she filed her bankruptcy petition:

> The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action that must be disclosed.

*In re Coastal Plains,* 179 F.3d at 208 (internal ellipses and quotation marks omitted).

It is clear that Plaintiff had a sufficient factual basis at the time of the filing of her bankruptcy petition to disclose causes of action relating to the FLSA and employment discrimination. The first amended complaint alleges that Plaintiff "regularly" worked more than 40 hours per week. First Amended Complaint ¶ 39. The first amended complaint also alleges that Plaintiff "regularly" observed younger employees being treated more favorably than herself and another employee over age 50. *Id.* ¶ 42. The first amended complaint alleges that Plaintiff was "regularly" subjected to inappropriate comments and disparate treatment, the conduct which forms the basis for her hostile environment claims. *Id.* ¶¶ 43, 44. In her deposition, Plaintiff testified that the discrimination and issues related to payment of overtime occurred over a two-and-a-half year period starting in late 2002 or early 2003, well before the filing of the bankruptcy petition. Plaint. Dep. at 8. Thus, the record demonstrates that Plaintiff was well-aware of the factual basis for these claims prior to the filing of her bankruptcy petition in August 2004. Moreover, a debtor always has a motive for concealing potential causes of action in order to minimize in-

come and assets. *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420, 426 (6th Cir.2005). There is no evidence in the record that Plaintiff took steps to amend her bankruptcy petition to disclose these claims. *Compare with Eubanks*, 385 F.3d at 898–99 (judicial estoppel did not apply where plaintiff took a number steps to notify bankruptcy court that claim was omitted from schedule of assets, thus demonstrating that omission was inadvertent). Accordingly, judicial estoppel is applicable here and bars these claims.

▬▬ The Court, however, reaches a different conclusion regarding application of judicial estoppel to Plaintiff's retaliation claims. The record shows that Plaintiff did not make any complaints regarding alleged discriminatory treatment until July 2005, about five months after her bankruptcy estate was closed. Plaint. Dep. at 131–33; 192–93. Without engaging in some form of protected activity, such as making a complaint about discrimination, there can be no retaliation by the employer. *Randolph v. Ohio Dept. of Youth Serv.*, 453 F.3d 724, 736 (6th Cir.2006) (setting forth elements of retaliation claim). Therefore, there was no factual basis for Plaintiff's retaliation claims at the time she filed her bankruptcy petition. Thus, judicial estoppel does not bar Plaintiff's retaliation claims, nor her violation of public policy claim to the extent that it is based on illegal retaliation.

Thousand Trails also argues that judicial estoppel applies because Plaintiff failed to disclose in her schedule of assets alternate income she allegedly earned from disc jockeying events at the campground. This argument is moot. The Court has already determined that estoppel applies to all but Plaintiff's retaliation-based claims.

▬▬ The Court, however, will not dismiss Plaintiff's retaliation-based claims

based on the alleged omission of income from disc jockeying from the bankruptcy petition. Judicial estoppel should not be applied merely for the purpose of punishing a plaintiff for making omissions or misstatements in her bankruptcy petition. There are other sanctions available to address that problem. *E.g.*, 11 U.S.C. § 727 (revocation of discharge for concealment of assets by debtor). Rather, the purpose of judicial estoppel is to preserve the integrity of the judicial system by prohibiting a party from asserting inconsistent positions in different proceedings. In this case, there is no inconsistency between Plaintiff's alleged failure to report alternate sources of income and her present assertion of retaliation claims because the factual basis for the retaliation claims did not arise until after the bankruptcy estate was closed.

### Conclusion

In conclusion, Defendants' motion to dismiss and/or for summary judgment on the grounds of judicial estoppel is **GRANTED IN PART AND DENIED IN PART.** The motion is well-taken and is **GRANTED** as to Plaintiff's claims for violations of the FLSA and for age and gender discrimination. Accordingly, Count I (FLSA), Count II (Age Discrimination—ADEA), Count III (Age Discrimination—Ohio Rev.Code § 4112.14), Count IV (Gender Discrimination—Title VII), Count V (Gender Discrimination—Ohio Rev.Code § 4112.02), and Count VI (Sexual Harassment—Ohio Rev.Code § 4112) are **DISMISSED WITH PREJUDICE.** Count IX (Violation of Ohio public policy) is **DISMISSED WITH PREJUDICE** to the extent it is based on age and gender discrimination.

The motion is not well-taken and is **DENIED** as to Plaintiff's retaliation claims

(Counts VII and VIII).[2] Finally, the motion is not well-taken to the extent that Count IX is based on retaliation.

**IT IS SO ORDERED**

---

**2.** The captions in the first amended complaint erroneously label the last two counts "VII" and "VIII." These counts should be captioned "Count VIII" and "Count IX," respectively.