**Angela PAGE, Plaintiff,**

v.

**LIBERTY CENTRAL SCHOOL DISTRICT, Defendant.**

No. 07 Civ. 1182(LMS).

United States District Court,
S.D. New York.

Jan. 7, 2010.

Michael Howard Sussman, Sussman & Watkins, Goshen, NY, for Plaintiff.

Adam Lawrence Rodd, Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC, New Windsor, NY, for Defendant.

### *DECISION AND ORDER*

LISA MARGARET Smith, United States Magistrate Judge.

Plaintiff Angela Page (herein, "Plaintiff"), initiated the instant employment discrimination action against her former employer Defendant Liberty Central School District (herein, "Defendant") pursuant to the American with Disabilities Act (herein, "ADA"), 42 U.S.C. § 12101, *et seq.* and New York State Executive Law § 296, alleging that the Defendant failed to accommodate Plaintiff's disability and wrongfully terminated Plaintiff's employment on account of her disability. *See generally* Pl.'s Complaint. Defendant has filed a motion for summary judgment pursuant to FED.R.CIV.P. 56(b) seeking complete dismissal of the Plaintiff's Complaint. Docket # 21, Deft.'s Mot. For Summ. J. In support of the motion, Defendant argues that Plaintiff is collaterally estopped from asserting her claims.[1] *See* Def.'s Mem. Of Law, p. 21–23. The parties have consented to the undersigned's jurisdiction for all purposes, including the resolution of the Defendant's motion for summary judgment, pursuant to 28 U.S.C. § 636(c). *See* Docket # 13, Consent to Proceed Before a United States Magistrate Judge. For the following reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's Complaint is DISMISSED.

### *BACKGROUND*

#### A. *Facts*

The following facts are drawn from the parties' Local Rule 56.1 Statements and are undisputed unless otherwise noted. *See* Docket # 27, Defendant's Local Rule 56.1 Statement (herein, "Deft.'s 56.1 Statement"); Docket # 17, Plaintiff's Counter–Statement to Defendant's Rule 56.1 Statement (herein, "Pl.'s 56.1 Statement"). The following facts are presumed true for the purposes of this motion, and are viewed in the light most favorable to Plaintiff, who is the non-moving party.

Plaintiff began working for the Defendant as a full-time librarian in 1983. Deft.'s 56.1 Statement ¶ 1; Pl.'s 56.1 Statement ¶ 1. Initially, Plaintiff worked for Defendant in the Elementary School's library. Deft.'s 56.1 Statement ¶ 2; Pl.'s 56.1 Statement ¶ 2. In 1991, Plaintiff began working at the Middle School library as a full-time librarian. Deft.'s 56.1 Statement ¶ 4; Pl.'s 56.1 Statement ¶ 4. Plaintiff's responsibilities included instructing children on research skills, the Dewey Decimal System, finding resources online and in the library, and how to find books within the library. Deft.'s 56.1 Statement ¶ 13; Pl.'s 56.1 Statement ¶ 13. Up until the 2003–2004 school year, Plaintiff had a teacher's aide. Deft.'s 56.1 Statement ¶ 12; Pl.'s 56.1 Statement ¶ 12. Prior to the commencement of the 2003–2004 school year, the aide position was eliminated for budgetary reasons. Deft.'s 56.1 Statement ¶ 12; Pl.'s 56.1 Statement ¶ 12.

In the beginning of 2004, Plaintiff advised personnel from the District that a

---

**1.** Defendant also argues that they are entitled to summary judgment because Plaintiff does not have a qualifying disability under 42 U.S.C. § 12102, Plaintiff cannot prove that she can perform the essential functions of her job with the accommodations proposed, the Plaintiff's proposed accommodation would

constitute an undue hardship to Defendant, and the Plaintiff's claim of entitlement to continued post-termination pay is without merit. Because this Court finds that Plaintiff is collaterally estopped from asserting her federal claim, I decline to address Defendant's additional bases for summary judgment.

water infiltration problem at the Middle School was making her feel ill. Deft.'s 56.1 Statement ¶ 24; Pl.'s 56.1 Statement ¶ 24. Plaintiff alleges that the water infiltration problems caused mold and other substances to grow in the library. The District closed the Middle School library during the spring of 2004 to clean the area. Deft.'s 56.1 Statement ¶ 25, 26, 28; Pl.'s 56.1 Statement ¶ 25, 26, 28. During this time, Plaintiff taught in the computer lab of the High School. Deft.'s 56.1 Statement ¶ 29; Pl.'s 56.1 Statement ¶ 29.

After June of 2004, Plaintiff did not return to work for the District. Deft.'s 56.1 Statement ¶ 31; Pl.'s 56.1 Statement ¶ 31. Plaintiff was diagnosed with Multiple Chemical Sensitivity disorder and was instructed not to work any place that could have mold contamination. Deft.'s 56.1 Statement ¶ 36, 55; Pl.'s 56.1 Statement ¶ 36, 55. The District offered Plaintiff the option of working in the library in the High School during the 2004/2005 school year. Deft.'s 56.1 Statement ¶ 34; Pl.'s 56.1 Statement ¶ 34. Plaintiff declined this offer as her treating physician determined that she could not work at the High School which also had alleged water infiltration issues. Deft.'s 56.1 Statement ¶ 35; Pl.'s 56.1 Statement ¶ 35. In addition, the District's school buildings are all interconnected and as Plaintiff's illness is an airborne illness, offsite accommodations would be required. Deft.'s 56.1 Statement ¶ 37; Pl.'s 56.1 Statement ¶ 37.

In April of 2005, Plaintiff proposed to the District the accommodation of allowing Plaintiff to work off-site with the use of interactive videoconferencing equipment and hiring a full-time aide to work in the Middle School Library. Deft.'s 56.1 Statement ¶ 41; Pl.'s 56.1 Statement ¶ 41. The District turned down Plaintiff's proposal stating that they did not feel that Plaintiff's proposed accommodation would allow her to perform her essential job functions, and that the accommodation would place an undue hardship on the District. Deft.'s 56.1 Statement ¶ 46; Pl.'s 56.1 Statement ¶ 46. Thereafter, Plaintiff proposed that she could work at the District's Elementary School. Deft.'s 56.1 Statement ¶ 47; Pl.'s 56.1 Statement ¶ 47. However, after discovering that the elementary school had water infiltration issues, Plaintiff rescinded that offer. Deft.'s 56.1 Statement ¶ 48; Pl.'s 56.1 Statement ¶ 48. The parties discussed various other accommodations over the next few months. Deft.'s 56.1 Statement ¶ 49–56; Pl.'s 56.1 Statement ¶ 49–56. Ultimately, the parties were not able to agree on any arrangement to allow Plaintiff to return to work. The District continued to pay Plaintiff her full salary until December 11, 2007, when Plaintiff's job was terminated. Deft.'s 56.1 Statement ¶ 32; Pl.'s 56.1 Statement ¶ 32.

## B. *Procedural History*

In September of 2006, the District commenced proceedings pursuant to Education Law § 3020–a, to terminate Plaintiff's employment. Deft.'s Mem., p. 4. The District raised two charges of incompetence because of Plaintiff's continued absence during the 2004–2005, 2005–2006, and part of the 2006–2007 school year. Deft.'s Mem., Ex. RR, p. 2. Hearings were conducted on March 26, March 27, and July 30, 2007, during which both parties were represented by counsel. *Id.*

At the same time, on October 15, 2006, Plaintiff filed a complaint with the Sullivan County Human Rights Commission. Deft.'s Mem., p. 4. In her complaint, Plaintiff alleged that the District failed to provide her with reasonable accommodations to allow her to return to work. *Id.* Plaintiff's complaint was ultimately dismissed. *Id.* at 5. Later, on December 13, 2006, Plaintiff filed a complaint with the Equal

Employment Opportunity Commission (herein, "EEOC") again alleging that the District had failed to reasonably accommodate Plaintiff's disabilities. *Id.* The EEOC issued Plaintiff a right to sue letter on September 12, 2007. *Id.*

Meanwhile, on November 14, 2007, Education Law 3020–a Hearing Officer Dennis J. Campagna issued a 35–page decision finding that Plaintiff was incompetent due to her continued and uninterrupted absences during the 2004–2007 school years. Deft.'s Mem., Ex. RR, p. 25. Additionally, Hearing Officer Campagna found that physical presence at the school was an essential job function. *Id.* at 30. Lastly, Hearing Officer Campagna found that Plaintiff's proposed accommodations were not reasonable. *Id.* Given that Plaintiff indicated that she would not be able to return to work at any of the District's school libraries, Officer Campagna decided that termination of Plaintiff's employment was the appropriate sanction. *Id.* at 35. Plaintiff did not appeal the hearing officer's decision. Deft.'s Mem., p. 5.

## C. *Collateral Estoppel*

### 2. *Defendant's Argument*

The only argument raised by the Defendant that is relevant to this Decision is that the Plaintiff is collaterally estopped from relitigating whether the Defendant violated the ADA by failing to provide reasonable accommodations for Plaintiff's disability. Deft.'s Mem., p. 21.[2] The Defendant argues that during the 3020–a hearing, the hearing officer specifically determined that the Plaintiff could not perform the essential functions of her job even with the Plaintiff's proposed accommodation. *Id.* Therefore, the Plaintiff was

not a qualified individual with a disability and the District was not in violation of the ADA for terminating her employment. *Id.* at 22–23.

### 3. *Plaintiff's Argument*

The Plaintiff argues that the Defendant is not entitled to summary judgment because resolution of the Plaintiff's disability claim was not necessary to the decision rendered by the 3020–a hearing officer. *See* Pl.'s Mem., p. 14. Plaintiff argues that not only must an issue have been decided at the prior proceeding, the issue must have been necessary to the decision issued. *Id.* at 14–15. Because the disability issue was not necessary to the hearing officer's conclusion that the Plaintiff was guilty of the two charges of incompetence brought against her, the Plaintiff is not collaterally estopped from asserting that the Defendant violated the ADA by failing to provide reasonable accommodations for her disability.

## DISCUSSION

### A. *Summary Judgment Standard*

Pursuant to the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 320–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" when it may affect the outcome of a case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a

**2.** As previously mentioned, because I find that Plaintiff's claim should be dismissed on collateral estoppel grounds, I decline to address Defendant's additional bases for being granted summary judgment. *See* footnote 1 *supra.*

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* A trial judge, therefore, may grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. *Id.* at 250, 106 S.Ct. 2505. The inquiry performed is the threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact. *Id.*

Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Berger v. United States,* 87 F.3d 60, 65 (2d Cir.1996) (quoting *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548) (alteration in original). "The nonmoving party must have 'had the opportunity to discover information that is essential to his [or her] opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989) (quoting *Anderson,* 477 U.S. at 250 n. 5, 106 S.Ct. 2505). Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw[ ] all reasonable inferences in its favor." *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.,* 277 F.3d 232, 236 (2d Cir.2002); *Farias v. Instructional Sys., Inc.,* 259 F.3d 91, 97 (2d Cir.2001); *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir.1998); *see also Anderson,* 477 U.S. at 261 n. 2, 106 S.Ct. 2505. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." *Cruden v. Bank of New York,* 957 F.2d 961, 975 (2d Cir.1992) (quoting *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys. Inc.,* 879 F.2d 1005, 1011 (2d Cir. 1989)).

### B. *Collateral Estoppel*

■ The doctrine of collateral estoppel bars relitigation of an issue that was previously decided in a prior action where

(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*United States v. Hussein,* 178 F.3d 125, 129 (2d Cir.1999) (quoting *In re PCH Assocs.,* 949 F.2d 585, 593 (2d Cir.1991))(internal quotation marks omitted). The Second Circuit has held that the findings reached through Section 3020–a hearings, which are "quasi-judicial administrative action[s], are entitled to preclusive effect." *Burkybile v. Board of Education of the Hastings–on–Hudson Union Free School District,* 411 F.3d 306, 308 (2d Cir.2005).

As a preliminary matter, Plaintiff does not dispute that the findings reached through § 3020–a hearings are entitled to preclusive effect in subsequent federal actions. Nor does Plaintiff contest that the parties were provided with a full and fair opportunity to litigate the relevant issues during the § 3020–a hearing. Rather, Plaintiff argues that the resolution of Plaintiff's disability claim was not necessary to the decision rendered by the § 3020–a hearing officer regarding the charges of incompetence lodged against the Plaintiff. Therefore, any corresponding findings will not have preclusive effect in this litigation. Pl.'s Mem., p. 14.

Plaintiff is correct that the hearing officer did not decide whether Plaintiff was disabled as defined by the ADA. Deft.'s Mem., Ex. RR, p. 26. Plaintiff is further correct that the hearing officer did not make a determination regarding the ac-

commodation issue in connection with his determination that Plaintiff was guilty of the two incompetence charges. However, that does not end the analysis. Pursuant to § 3020–a(4)(a), the hearing officer is not only to determine whether the respondent is guilty of the charges brought against him/her, but is also to then determine the appropriate penalty or other action to be taken by the employing board. It is in this context that the hearing officer analyzed the second element of Plaintiff's ADA claim, that being whether the Plaintiff was capable of performing the essential functions of her job with or without reasonable accommodation. *Id.*

After reviewing all of the evidence presented to him, the hearing officer determined that physical presence in the school was an essential job function to being a school librarian. *Id.* at 30. In reaching that determination, the hearing officer focused on the testimony of various witnesses, most notably Plaintiff's successor, as well as a former high school librarian. *Id.* at 28–30. Additionally, the hearing officer discussed the fact that Plaintiff dealt with children between the ages of 10 and 14 years of age and, as such, acted *in loco parentis,* a responsibility that could not be delegated to an aide.[3] *Id.* at 30. Accordingly, the hearing officer concluded that the District's refusal to accommodate the Plaintiff by allowing her to work virtually from her home was not unreasonable. *Id.* at 30. The hearing officer held that because the Plaintiff submitted that she would never be able to work at any of the District's schools, termination of Plaintiff's employment was appropriate. *Id.* at 34–35.

Ultimately, the hearing officer found that physical presence was an essential job function. In addition, the hearing officer found that there were no reasonable accommodations that would allow Plaintiff to return to work. While these findings were not necessary to the hearing officer's conclusion that Plaintiff was guilty of the charges of incompetence, the findings were necessary to the hearing officer's conclusion that termination of Plaintiff's employment was appropriate. As such, those findings are entitled to preclusive effect. *Burkybile,* 411 F.3d at 308. Plaintiff's ADA claim is framed as a failure to accommodate claim. *See* Pl.'s Compl., p. 3. One of the elements the Plaintiff is required to establish for such a claim is that "with reasonable accommodation, plaintiff could perform the essential functions of the job at issue." *Monterroso v. Sullivan & Cromwell, LLP,* 591 F.Supp.2d 567, 577 (S.D.N.Y.2008) (quoting *Rodal v. Anesthesia Group of Onondaga, P.C.,* 369 F.3d 113, 118 (2d Cir.2004))(internal quotations omitted). The findings from the § 3020–a hearing collaterally estop Plaintiff from arguing that she could perform the essential functions of her job with reasonable accommodation. Accordingly, Plaintiff cannot establish an essential element of her ADA claim. Therefore, the Defendant is entitled to summary judgment on Plaintiff's ADA claim.

Furthermore, because this Court has determined that Plaintiff's only federal cause of action should be dismissed, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, and that claim should be dismissed as well.

---

**3.** Plaintiff's contention that the holding in *Borkowski* is contrary to the hearing officer's holding is incorrect. Pl.'s Mem., p. 12. In *Borkowski,* the primary teacher requested the assistance of an aide to assist her. However, the primary teacher was always physically present in the classroom as well. *Borkowski v. Valley Cent. School Dist.,* 63 F.3d 131, 140 (2d Cir.1995).

See *Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir.2006).

## *CONCLUSION*

For the aforementioned reasons the Defendant's motion for summary judgment is GRANTED and the Plaintiff's Complaint is dismissed in its entirety. The Clerk of the Court is directed to terminate docket number 21 as a pending motion, to enter judgment in favor of Defendant, and to close the case. This constitutes the Decision and Order of the Court.

**SO ORDERED.**